**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

**SOUTHERN DIVISION**

**Civil Action No.: 7:17-155**

| | | |
|---|---|---|
| **NICHOLAS WEARE and SUSAN WEARE,** **Plaintiffs,** | ) | |
| **v.** | ) | **COMPLAINT** |
| **BENNETT BROTHERS YACHTS, INC.,** **Defendant.** | ) | |

## PRELIMINARY STATEMENT

This action arises out of an agreement by the Plaintiffs, Nicholas and Susan Weare, to sell their 53 foot Oyster Yacht to non-party buyers, Tracy and Gregory Leonard, for $485,000.00. Defendant, Bennett Brothers Yachts, Inc., by and through its agent, Terry Rose, negotiated the purchase on behalf of the buyers. In addition to representing the buyers as their agent, Defendant was the "SELLING BROKER" and escrow agent under the Purchase & Sale Agreement between the Weares and the buyers. Thereunder, Defendant agreed and undertook to hold the proceeds in its escrow account. On the arranged closing date, Defendant represented to the Weares that the proceeds had been transferred in accordance with the wiring instructions previously provided to Defendant by the Weares. In reliance on Defendant's representations that the proceeds had been transferred, the Weares conveyed title of the Vessel to the buyers. However, Defendant's computer system, including Mr. Rose's email account, had been compromised by cyber thieves who directed the proceeds to a foreign bank account. Now, the buyers have received the Vessel, Defendant has received its broker fee and the Weares have

received nothing. As of this date, Defendant has failed and refused to restore any of the proceeds, including the share of the brokers' fee which it has retained.

Accordingly, the Weares allege as follows:

## PARTIES

1. Plaintiffs, Nicholas and Susan Weare (collectively, "the Weares" or "Plaintiffs"), are individuals residing at 50 Mill Shares Road, Pembroke, Bermuda, HM05.

2. Defendant, Bennett Brothers Yachts, Inc. ("Defendant" or "Bennett Brothers") is a corporation organized under the laws of the State of North Carolina. Defendant's principal place of business is 1701 J.E.L. Wade Drive, Wilmington, NC 28401-2873.

## FACTS

3. As of June of 2016, the Weares were the owners of the S/Y MAGIC ("the Vessel" or "S/Y MAGIC"), a well-equipped and well-maintained 2004 Oyster 53 sailing yacht, one of Oyster's rarest and most sought after models.

4. On or about June 27, 2016, the Weares signed a Listing Agreement with yacht broker, Dan Wurzbacher ("Mr. Wurzbacher") of Oyster Brokerage U.S.A., to market and sell the Vessel.

5. On or about January 26, 2017, Mr. Terry Rose ("Mr. Rose"), a yacht broker retained by and representing Greg and Tracy Leonard ("Buyers"), contacted Mr. Wurzbacher on Buyers behalf and expressed their interest in purchasing the Vessel.

6. Upon information and belief, Mr. Rose is and, at all times material hereto, was an employee and agent of Bennett Brothers.

7. On or about February 2, 2017, the Buyers flew to St. Maarten and met with the Weares to inspect the Vessel.

8. On or about February 7, 2017, Mr. Rose contacted Mr. Wurzbacher expressing the Buyers' appreciation for the opportunity to inspect the Vessel and their continued interest in the Vessel.

9. On February 16, 2017, Mr. Rose conveyed the Buyers' offer of $400,000.00 for the purchase of the Vessel with an explanation of the amount.

10. On or before February 23, 2017, the Weares made a counter-offer of $500,000.00 for the Vessel.

11. The Buyers made a counter-offer of their own, this time offering $485,000.00 for the Vessel.

12. The Weares accepted the Buyers' counter-offer of $485,000.00 (hereinafter, "the Proceeds") on March 2, 2017.

13. Under the terms of the applicable brokerage agreements, the Weares assumed the brokerage fee of 10% of the sales price of the Vessel. The brokerage fee was to be divided evenly between Oyster Brokerage U.S.A. and Defendant.

14. Both Oyster Brokerage U.S.A. and Defendant have received their respective shares of the fee.

15. On March 6, 2017, Mr. Rose sent Mr. Wurzbacher a proposed Purchase and Sale Agreement ("the P&S"), drafted and executed by the Buyers. In his cover email, Mr. Rose represented that, upon countersigning of the P&S by the Weares, the Buyers would arrange for a survey of the Vessel and transfer their deposit of 10% of the Proceeds into Defendant's escrow account. See **Exhibit 1**.

16. The P&S identified Defendant as the "SELLING BROKER" and, in Paragraph 2, provided that Defendant would hold the Proceeds in its escrow account until Closing.

17. The P&S provides that, "The Closing shall take place on the Closing Date and will be complete when: [Buyers] confirm that they are prepared to close… All documents necessary to transfer good and absolute title to the Vessel are received by [Buyers], [Defendant], or Documentation Service on behalf of [Buyers]…and… The balance of the Purchase Price is paid in collected funds to the [Weares] or to [Defendant] for transmittal to the [Weares]."

18. On or about March 8, 2017, Mr. Weare emailed an executed copy of the P&S to Mr. Wurzbacher for transmittal to Mr. Rose.

19. On March 29, 2017, Mr. Rose disseminated a Closing Statement purporting to show the distribution of the Proceeds. Mr. Rose's email of March 29, 2017, further instructed the Buyers to wire the Proceeds to the Defendant's escrow account on the morning of April 6, 2017, and assumed the duty, on behalf of the Defendant and/or the Buyers, to distribute the Proceeds to the Weares for Closing on April 7, 2017. Finally, Mr. Rose's email of March 29, 2017, requested wiring instructions from Mr. Wurzbacher.

20. On March 29, 2017, Mr. Wurzbacher confirmed the Weares' wiring instructions and represented that he would forward the instructions to Mr. Rose.

21. The Weares, through Mr. Wurzbacher, provided the Defendant, through Mr. Rose, with the instructions for wiring the Proceeds to their account at HSBC Bank Bermuda.

22. In an email dated April 3, 2017, Mr. Rose confirmed receipt of wiring instructions from Mr. Wurzbacher.

23. Upon information and belief, the Buyers deposited the Proceeds with their agent, Mr. Rose, for deposit into Defendant's escrow account on or about April 6, 2017.

24. Rather than overseeing transmittal of the Proceeds from Defendant's escrow account to the Weares' HSBC Bank Bermuda account, Mr. Rose left for vacation on or before the Closing and, therefore, had limited availability including limited access to email.

25. On April 7, 2017, the Buyers' documentation agent, Jane Lascala ("Ms. Lascala"), informed the Weares that Defendant had wired the Proceeds. Later that day, Mr. Wurzbacher informed the Weares that he had received his share of the brokerage fee via wire transfer. However, the Weares did not receive the Proceeds from Defendant that day.

26. In reliance on Defendant's assurances that the Proceeds had been wired, the Weares agreed to release title to the Vessel to the Buyers.

27. When the Weares still had not received the Proceeds by April 11, 2017, Mr. Weare asked Mr. Wurzbacher to reach out to Mr. Rose to ascertain the status of the Proceeds. In response, the Weares received an email, purportedly from Mr. Rose, stating that the Defendant had been informed by the bank that "… payment would take 2-5 working days, hence (sic) its (sic) an international payment."

28. When the Proceeds still had not arrived by April 13, 2017, Mr. Weare requested that Defendant put a trace on the funds.

29. In response to Mr. Weare's request, Mr. Rose sent an email dated April 13, 2017, purporting to contain confirmation of the wiring instructions and representing that he had advised the Defendant's representative to put a trace on the Proceeds. The purported confirmation erroneously identified the Defendant as "BERNNETT BROTHERS YACHTS" and Mr. and Mrs. Weare as "NICHOLAS AND SUSAN WEARES."

30. Later, that same day, Mr. Weare received an email purporting to be from Dustin Frye ("Mr. Frye") at Bennett Brothers. Mr. Frye's email contained information from the

Defendant's bank showing that the Proceeds had actually been wired to Barclay's Bank PLC in London, a different bank than provided in the Weares' previous wiring instructions.

31. Mr. Weare responded that the Weares' wiring instructions directed Defendant to send the Proceeds to HSBC Bank Bermuda, not Barclay's Bank in London.

32. It now appears that the Defendant's computer system, including Mr. Rose's Bennett Brothers email account, had been compromised by cyber thieves who gained access to Defendant's systems and directed its bank to wire the Proceeds to an account at Barclay's Bank in London rather than the Weares' account at HSBC Bank Bermuda.

33. Upon in formation and belief, the cyber thieves almost immediately emptied the Proceeds from the Barclay's Bank account and the Proceeds are lost.

34. The Buyers have retained possession of the Vessel and have returned to Annapolis, Maryland with it.

35. Despite the fact that Weares have released the Vessel to the Buyers, Defendant has failed and refused to restore any portion of the Proceeds to the Weares. Defendant has even gone so far as to retain its share of the brokers' fee.

**JURISDICTION**

36. This Honorable Court has personal jurisdiction over this action pursuant to 28 U.S.C. §1332 as there is complete diversity – Defendant is a North Carolina corporation with its principal place of business at 1701 J.E.L. Wade Drive, Wilmington, NC 28401-2873, whereas the Weares are individuals residing in Bermuda – and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

37. Venue is proper in this Honorable Court under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391 (b)(2), as Defendant resides in the Southern Division and a substantial part of the events and omissions giving rise to the Weares' claim occurred here.

## COUNT I
## BREACH OF FIDUCIARY DUTY

38. The foregoing paragraphs of this Complaint are restated and incorporated herein by reference.

39. Because of the course of dealings between the Weares and Defendant, there existed a fiduciary relationship between the parties.

40. In addition, Defendant served as Buyers' agent and escrow agent under the P&S and therein assumed a fiduciary duty to the Weares.

41. The Weares placed special confidence in Defendant by allowing Defendant to serve as escrow agent under the P&S.

42. In addition, in its role as Selling Agent, Defendant had a fiduciary duty to the Weares.

43. Defendant breached its duty and failed to act with due regard to the interest of the Weares in, *inter alia*, failing to secure its computer systems, failing to confirm the accuracy of the wiring instructions and, in general, failing to oversee the Closing and successful disbursement of the Proceeds.

44. The Weares suffered significant financial losses as a result of Defendant's breach.

45. Despite its plain breach of duty to the Weares, Defendant has failed and refused to reimburse the Weares for any of the Proceeds and has retained its share of the brokers' fee.

WHEREFORE, Nicholas Weare and Susan Weare respectfully request that this Honorable Court enter judgment in their favor against Bennett Brothers Yachts, Inc. in an amount to be proven at trial in excess of $25,000.00, plus interest, costs and attorneys' fees and grant the Weares such additional relief as law and equity may require.

## COUNT II
## NEGLIGENCE

46. The foregoing paragraphs of this Complaint are restated and incorporated herein by reference.

47. Defendant acted as the Buyers' agent, Selling Broker and escrow agent under the P&S and, in so doing, assumed a duty to hold, protect and properly disburse the Proceeds to the Weares.

48. Bennett Brothers failed to take reasonable steps to hold, safeguard and properly distribute the Proceeds by, *inter alia*, failing to reasonably secure its computer system, failing to implement reasonable measures of confirming the Weares' wiring instructions and, in general, failing to oversee the successful Closing and disbursement of the Proceeds.

49. It was, or should have been, reasonably foreseeable to Defendant that its failure to take such steps could result in significant financial harm to the Weares.

50. As a direct and proximate result of Defendant's negligence, the Weares have suffered significant financial losses.

WHEREFORE, Nicholas Weare and Susan Weare respectfully request that this Honorable Court enter judgment in their favor against Bennett Brothers Yachts, Inc. in an amount to be proven at trial in excess of $25,000.00, plus interest, costs and attorneys' fees and grant the Weares such additional relief as law and equity may require.

## COUNT III
## BREACH OF CONTRACT

51. The foregoing paragraphs of this Complaint are restated and incorporated herein by reference.

52. Defendant, as SELLING BROKER and escrow agent, expressly became a party to the P&S and offered to perform certain duties thereunder, including holding the Proceeds in its escrow account, overseeing the Closing and distributing the Proceeds.

53. Defendant, by and through its agent Mr. Rose, implicitly offered to act as escrow agent by offering to collect the Proceeds and direct creation and distribution of the title.

54. The Weares assented to Defendant's offer by entering into the P&S and providing their wiring instructions to Defendant.

55. The Weares, to their detriment, relied upon Defendant's representations in allowing Defendant to serve as escrow agent.

56. In exchange for serving as Buyers' agent and escrow agent, Defendant received its share of the brokers' fee which it continues to retain.

57. Defendant breached its agreement by failing to take reasonable steps to hold, safeguard and properly distribute the Proceeds by, *inter alia*, failing to reasonably secure its computer system, failing to implement reasonable measures of confirming the Weares' wiring instructions failing to oversee the successful Closing, in general, and failing to pay the Proceeds to the Weares at Closing.

58. As a result of Defendant's breach of contract, the Weares have suffered significant financial losses.

WHEREFORE, Nicholas Weare and Susan Weare respectfully request that this Honorable Court enter judgment in their favor against Bennett Brothers Yachts, Inc. in an amount to be proven at trial in excess of $25,000.00, plus interest, costs and attorneys' fees and grant the Weares such additional relief as law and equity may require.

**COUNT III**
**UNJUST ENRICHMENT**

59. The foregoing paragraphs of this Complaint are restated and incorporated herein by reference.

60. Defendant breached its contractual, tort based and fiduciary duties to the Weares in failing to properly oversee the successful closing and transmittal of the Proceeds to the Weares.

61. Despites its breaches, Defendant has received $24,250.00 representing its share of the brokers' fee which it has not earned.

62. The Weares, meanwhile, have suffered significant financial losses because of Defendant's breaches.

63. Despite the Weares' demands for relief, Defendant has failed and refused to restore the Proceeds and has retained its share of the brokers' fee for itself.

WHEREFORE, Nicholas Weare and Susan Weare respectfully request that this Honorable Court enter judgment in their favor against Bennett Brothers Yachts, Inc. in an amount to be proven at trial in excess of $25,000.00, plus interest, costs and attorneys' fees and grant the Weares such additional relief as law and equity may require.

**JURY DEMAND**

The Weares respectfully request trial by jury on all claims so triable.

Respectfully submitted,
**Nicholas Weare and Susan Weare,**
By their attorneys,

/s/ Robert E. Kiely
Robert E. Kiely, Esq. (MA Bar No. #556640)
Francis G. McSweeney, Esq. (MA Bar No. #682922)
**Regan & Kiely, LLP**
88 Black Falcon Avenue, Suite 330
Boston, MA 02210
(617) 723-0901
(617) 723-0977 *facsimile*
rek@regankiely.com
fgm@regankiely.com

Dated: August 4, 2017

/s/ David M. Duke
David M. Duke, Esq.
**Young, Moore & Henderson, P.A.**
3101 Glenwood Avenue, Suite 200
Raleigh, N.C. 27612
(919) 782-6860
(919) 782-6753 *facsimile*
dmd@youngmoorelaw.com
State Bar No. 12388
Local Civil Rule 83.1 Counsel for Plaintiffs