IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CV-155-FL

| | | |
|---|---|---|
| NICHOLAS WEARE and SUSAN WEARE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | O R D E R |
| BENNETT BROTHERS YACHTS, INC., | ) ) ) | |
| Defendant. | ) | |

Defendant Bennett Brothers Yachts, Inc. ("Defendant") moves the court to compel Plaintiffs Nicholas and Susan Weare ("Plaintiffs") to supplement their responses to Defendant's First Set of Interrogatories and First Request for Production of Documents pursuant to Fed. R. Civ. P. 26(e). [DE-35]. Plaintiffs oppose the motion. [DE-37]. The issues have been fully briefed, and the motion is ripe for decision. For the reasons stated below, Defendant's motion is allowed.

## I. BACKGROUND

This action arises out of a brokered agreement concerning the sale of a boat. Compl. [DE-1] ¶ 4. Defendant is engaged in yacht brokerage, and it represented Tracy and Gregory Leonard ("the Leonards") in the planned purchase of a yacht from Plaintiffs. Answer [DE-13] at 1. In January 2017, Defendant contacted Plaintiffs' broker, Oyster Brokerage U.S.A. ("Oyster") and informed it that the Leonards were interested in purchasing Plaintiffs' yacht. Compl. [DE-1] ¶ 5. In March 2017, Plaintiffs and the Leonards agreed that the Leonards would purchase the yacht for $485,000. Id. ¶ 12. On April 6, 2017, the Leonards deposited the sale price into Defendant's escrow account for a closing scheduled for April 7, 2017. Id. ¶¶ 19, 23. However, before the

money was wired to Plaintiffs, cyber thieves gained access to Defendant's computer system and wired the money elsewhere. *Id.* ¶ 32. The thieves have not been identified, and the money remains lost. *Id.* ¶ 33. Plaintiffs allege that Defendant breached a fiduciary duty, acted negligently, breached a contract, and that Defendant was unjustly enriched. *Id.* ¶¶ 38–63. In its answer, Defendant has denied that it owed a fiduciary duty to Plaintiffs, and it has asserted that Oyster, not Defendant, acted negligently. Answer [DE-13] at 1.

On March 19, 2018, Defendant served Plaintiffs with its first set of discovery requests. Def.'s Mem. [DE-36] at 3. Plaintiffs responded on April 16, 2018. *Id.* Plaintiffs supplemented their responses pursuant to Rule 26(e) on June 21, 2018 and September 21, 2018. Pls.' Resp. [DE-37] at 3. On October 31, 2018, Plaintiffs disclosed the report of their yacht brokerage expert, Jeffrey Cox ("Mr. Cox"), pursuant to Rule 26(a)(2). *Id.* at 4. In the report, Mr. Cox opined as to Defendant's negligence and did not render any opinion as to the negligence of Oyster. Def.'s Mem. [DE-36] at 2. Defendant objected to the expert report on November 18, 2018 on the grounds that it did not include an opinion regarding the negligence of Oyster. *Id.* At that time, Plaintiffs' counsel assured Defendant's counsel that Mr. Cox would be offering an opinion only as to Defendant's negligence. *Id.* Defendant did not depose Mr. Cox. *Id.* at 4.

Plaintiffs are currently engaged in an arbitration proceeding with Oyster pending before the American Arbitration Association concerning the same circumstances giving rise to the instant action. Def.'s Mem. [DE-36] at 2. Although Defendant is not a party to the arbitration proceeding, the parties in the arbitration proceeding and the instant case have agreed to conduct discovery jointly, including joint depositions, and participating in a joint mediation of both matters. *Id.* It does not appear to the court that discovery is exclusive to the proceeding in which it has been produced. In fact, Plaintiffs have previously supplemented their discovery responses in the instant

2

case with information that Oyster provided to Plaintiffs in the arbitration proceeding. Pls.' Resp. [DE-37] at 3. On March 1, 2019, Oyster's counsel informed Defendant's counsel that Mr. Cox had rendered an opinion on Oyster's negligence in the arbitration proceeding. [DE-36-3] at 3. Subsequently, Defendant's counsel requested Mr. Cox's report from Plaintiffs' counsel. *Id.* Plaintiffs' counsel responded that Plaintiffs have sufficiently produced and supplemented all discoverable material. *Id.* According to Defendant's motion, Plaintiffs have refused to provide Mr. Cox's report from the arbitration proceeding. Def.'s Mot. [DE-35] at 1.

Defendant's Interrogatories Six and Eight to Plaintiffs are the subject of the parties' dispute:

6. Identify all written communication sent on your behalf to any third-party, not including your legal counsel, regarding the facts or circumstances giving rise to your claims in this lawsuit.

8. Identify any individual you believe violated any duties to you during the course of the subject transaction. Include in your response why you believe such individual violated duties to you.

Def.'s Mem. Ex. 2 [DE-36-2] at 10; [DE-37-2] at 8. Additionally, Defendant's Requests for Production of Documents ("RFP") to Plaintiffs One and Six are disputed:

1. All documents identified in the foregoing Interrogatories.

6. All writing communication [sic] between you and Oyster Yachts, USA, or its affiliates, from January 1, 2017 to the present.

[DE-37-2] at 1–2.[1]

Defendant contends that Plaintiffs are obligated to supplement their responses to those discovery requests pursuant to Rule 26(e) and produce Cox's expert report produced in the arbitration proceeding. Def.'s Mem. [DE-36] at 5. Plaintiffs contend that Defendant is attempting

---

[1] Defendants have failed to attach to their motion the specific discovery requests with Plaintiffs' objections that are the subject of the motion. *See* Local Rule 7.1(c)(2). However, Plaintiffs have included their objections in the response, and the focus Defendant's motion is supplementation.

3

to gain an unfair tactical advantage from Plaintiffs' arbitration case, Plaintiffs have adequately responded to all discovery requests, and Plaintiffs have satisfied the expert disclosure requirements of Rule 26(a)(2). Pls.' Resp. [DE-37] at 6–8. Plaintiffs further contend that the motion to compel is untimely under Local Rule 7.1(a). *Id.* at 8.

## II. DISCUSSION

### A. Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides the general rule regarding the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to produce or make available for inspection requested documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably

4

cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted). Accordingly, as the party resisting discovery, it is Plaintiffs' burden to show why discovery should be denied.

Having produced material in discovery, a party is under a duty to supplement its responses. Rule 26(e)(1) provides in pertinent part:

A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

A. in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

B. as ordered by the court.

Fed. R. Civ. P. 26(e)(1). The duty to supplement discovery responses under Rule 26(e)(1) does not end at the close of discovery; rather, parties are required to supplement their responses as new, responsive material is created. *See Cook v. Lewis*, No. 5:12-CT-3219-D, 2014 WL 2894999, at *2 (E.D.N.C. June 25, 2014) ("Defendants are reminded of the continuing obligation to supplement discovery responses pursuant to Rule 26(e) should additional responsive material come to light.");

5

*High Voltage Beverages, LLC v. Coca-Cola Co.*, No. 3:08-CV-367, 2010 WL 3788288, at *2 (W.D.N.C. Sept. 22, 2010) ("The close of discovery is not, however, the end-of-the-road under Rule 26. While the parties are initially obligated to produce discoverable information when requested, they have a continuing obligation to supplement such information under Rule 26(e)(1)"); *Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y. 2011) (granting a motion to compel filed after the close of discovery because "[t]he duty to supplement continues even after the discovery period has closed."). Accordingly, the passing of the discovery deadline in this case does not abrogate Plaintiffs' responsibility to supplement their responses.

### B. Plaintiffs must produce the report in accordance with their duty to supplement discovery responses under Rule 26(e)(1).

Defendant contends that Plaintiffs have failed to supplement their answers to Interrogatories Six and Eight and RFP One and Six, as required by Rule 26(e)(1). Def.'s Mem. [DE-36] at 5. Plaintiffs respond that they have fully complied with Rule 26. Pls.' Resp. [DE-37] at 6–8.

Interrogatory Six requires Plaintiffs to "[i]dentify all written communication sent on your behalf to any third-party, not including your legal counsel, regarding the facts or circumstances giving rise to your claims in this lawsuit." [DE-36-2] at 10. RFP One requests "[a]ll documents identified in the foregoing Interrogatories." *Id.* at 12. Mr. Cox's report in the arbitration proceeding appears to qualify as a written communication sent on Plaintiffs' behalf to Oyster, a third party. It ostensibly regards the facts or circumstances giving rise to Plaintiffs' claims in this lawsuit, i.e., the yacht brokerage business and duties in the handling of money by yacht brokers. Accordingly, Mr. Cox's report in the Oyster arbitration is responsive to Interrogatory Six and RFP One, such that without the report, Plaintiffs' responses to Interrogatory Six and RFP One are

6

incomplete. Plaintiffs must produce the report in accordance with their duty to supplement their responses under Rule 26(e)(1).

Additionally, RFP Six seeks "[a]ll writing communication [sic] between you and Oyster Yachts, USA, or its affiliates, from January 1, 2017 to the present." Mr. Cox's report is a written communication that was sent from Plaintiffs to Oyster after January 1, 2017 and is therefore responsive. Without the report, Plaintiffs' response to RFP Six is incomplete. Accordingly, Plaintiffs must produce the report to supplement their response to RFP Six.

Although the report was created after the discovery deadline, Plaintiffs have a continuing duty to supplement their responses under Rule 26(e)(1), and the report is responsive to Defendant's discovery requests. Accordingly, Plaintiffs are compelled to produce the report.

### C. The report is discoverable regardless of whether its disclosure is required by Rule 26(a)(2)(A)–(B).

Plaintiffs contend that "Defendant's request exceeds the scope of Rule 26(a)(2)(A)–(B)." Pls.' Resp. [DE-37] at 7. Rule 26(a)(2) governs disclosure of expert testimony, and it requires a party to disclose the identities of any expert witnesses it may use at trial as well as written reports prepared by the expert witnesses. Fed. R. Civ. P. 26(a)(2)(A)–(B). Parties are required to supplement expert disclosures. Fed. R. Civ. P. 26(a)(2)(E). However, trial preparation material, including draft reports and certain communications between a party's attorney and a witness, may not be discoverable. Fed. R. Civ. P. 26(b)(4).

Plaintiffs do not contend that the report is protected as trial preparation material or is otherwise nondiscoverable; rather, they argue that it is not a required disclosure under Rule 26(a)(2). Pls.' Resp. [DE-37] at 7. However, Defendant does not contend that Mr. Cox's report must be disclosed under Rule 26(a)(2). Instead, Defendant contends that the report is responsive to specific discovery requests, as governed by Rule 26(b)(1), and supplementation is required by

7

Rule 26(e)(1), which requires a party "who has responded to an interrogatory, request for production, or request for admission" to "supplement or correct its disclosure or response." Fed. R. Civ. P. 26(e).

Expert material may be discoverable under Rule 26(b) as responsive to a discovery request even though it is not a required disclosure under Rule 26(a)(4). *See Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 282 (E.D. Va. 2001) (requiring production of communications between experts and draft reports because "[t]he document requests ... by their terms, encompass" the material, and then holding on an alternate ground that the material is "moreover" discoverable by the Rules "relating to the work of testifying experts"). Plaintiffs have cited no authority to the contrary. As discussed above, Mr. Cox's opinion on Oyster's negligence is responsive to Defendant's discovery requests, and Plaintiffs have not contended that it is protected as expert trial preparation material or by any other privilege. Accordingly, the report is discoverable regardless of its status as a required disclosure under Rule 26(a)(2).

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel [DE-35] is ALLOWED.

So ordered, the 12 day of June 2019.

_____
Robert B. Jones, Jr.
United States Magistrate Judge